12759

MANNING v. BROHUN *ET AL.*

(150 S. E., 310)

*Messrs. Lee & Moise,* for appellants,

*Messrs. Purdy & Bland,* and *Harby, Nash & Hodges,* for respondents,

November 8, 1929.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This Court, after careful consideration of the questions involved in this appeal, is satisfied that no error was com-

mitted by the Court below. We approve the reasoning and conclusions of the Circuit Judge, and his orders, of date April 3 and April 30, 1928, appealed from, are affirmed.

Let these orders be reported.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.

MR. JUSTICE COTHRAN (concurring) : I concur upon the ground that there was a palpable error in the decree of foreclosure; but for this the bidder would not be relieved.

### ORDER OF JUDGE MAULDIN OF APRIL 3, 1928

This matter comes before me on return to rule to show cause issued by me on March 13, 1928. This action was instituted to foreclose three mortgages, and resulted in a decree dated February 14, 1928. Under this decree, on salesday in March, 1928, a sale was had. The day after the sale it was ascertained by plaintiff's attorney and the purchaser at the sale that one of the tracts of land, described in the complaint and in one of the mortgages being foreclosed, was omitted from the detailed description at the foot of the decree. The purchaser refused to comply with his bid, whereupon the plaintiff filed a petition asking either that the omission in the decree be corrected and the land resold, or, as alternative relief, that the purchaser be required to comply with his bid. On this petition I issued a rule to show cause.

Returns have duly been made by the defendant heirs of Harriott P. Moore, Purdy & Bland, the attorneys for the bidder, and C. G. Rowland, the bidder at the sale. I have carefully considered the returns together with the record and the affidavits attached thereto and the several replies filed by the parties. There does not seem to be any dispute as to any fact which I deem material in the decision of the question presented. It seems to me clearly that the plaintiff and the bidder are entitled to relief. There is no doubt that the mortgage held by the plaintiff covered the tract of land not described in the decree, and there is no doubt that this Court

intended to include its description. I find as a matter of fact that the omission of this description was a clerical error.

I further find, as a matter of fact, that the tract of land so omitted, upon which is located the dwelling house and the main outbuildings of the entire plantation, is a necessary part of the entire plantation, and that at the sale the plaintiff's attorney, as well as the bidder, acted under the mutual mistake that this particular tract of land was included in the premises being sold, and that this mistake was caused by the clerical error in omitting the description of this piece of land, and that in respect thereto the bidder was not at fault. I therefore hold that the contract of sale having been based upon a mutual mistake of fact will not be enforced by the Court.

I am satisfied there should be a resale of the property. The defendant heirs of Harriott P. Moore desire this resale to be in parcels, but I am of the opinion that, under the facts appearing from the record, not only is the plaintiff entitled to have the entire property sold as a whole, but the property would bring more money sold as a whole than in parcels. Plaintiff desires the resale to be had immediately; the defendant Moore heirs wish it postponed until fall. I am of the opinion that the land will bring more money if the sale is not had until fall, but I think in the meantime the rents and income from the property should be preserved so as to be applied upon the mortgage indebtedness, It is therefore

Ordered, adjudged, and decreed that the clerical error in the decree of foreclosure and sale herein, dated February 14, 1928, be corrected and the said decree amended and reformed by inserting at the foot thereof the description of the 65¼-acre tract of land referred to in these proceedings, so that the entire premises described in said decree shall be as follows:

All that tract of land in said county and State, containing 446½ acres, as shown by a plat of J. D. McIlwain, of James

Hill (or Oaks) tract, dated April 14, 1887, adjoining lands, now or formerly of the estate of Reese, lands of James H. Aycock, and lands of McLaurin and others, the same being lands set apart, as lot No. 4 to John J. Moore, on a general plat, made in the case of *Matthew S. Moore et al. v. Martha S. Moore et al.,* shown by Judgment Roll 3840 in the office of the Clerk of Court for Sumter County.

Also that tract of land in said county and State, containing 247 6/10 acres, allotted to the said Harriott P. Moore, in the case of *Harriott P. Moore v. M. S. Moore et al.,* in Roll 5355 in the office of the Clerk of the Court of said county, the same being designated as lot 4 on a plat made by John R. Haynsworth; said lot being bounded on the north by land of the estate of Reese, east by lands formerly of Screven Moore, south by lands now or formerly of McDonald Moore, Shed Murray, Dr. H. J. McLaurin, and Miss McLaurin, and west by lands of Shed Murray and of Mrs. Sarah R. Fludd.

All that other tract of land containing 65¼ acres, more or less, bounded north by land of Sarah Fludd, east by lands of Mrs. H. P. Moore, south by land of McLaurin, and west by land formerly of Caldwell, and Charleston public road; said tract of land being that allotted to Matthew S. Moore, in partition·proceedings wherein Harriott P. Moore was plaintiff against Matthew S. Moore, and others, said proceedings being enrolled as Judgment Roll No. 5355 in office C. C. C. P., Sumter County.

It is further ordered, adjudged, and decreed that the attempted sale had in this cause on sales day in March, 1928, be and is hereby set aside and the bidder, C. G. Rowland, and his attorneys, R. O. Purdy and R. J. Bland, be and are hereby discharged from all liability on account thereof, and that the Master for this county do return to the said bidder, or his attorneys, the sum of $500 deposited by him in accordance with the terms of the decree.

It is further ordered, adjudged, and decreed, that the sale provided for by said decree as amended by this order be had

on sales day in November, 1928, or such subsequent sales day as plaintiff's attorneys may direct, in the manner and upon the terms provided for in the decree herein, and that at such sale the entire mortgaged premises, that is to say, all three tracts of land, be sold together as one lot.

It is further ordered and adjudged that Wyndham M. Manning be and is hereby appointed receiver for the mortgaged premises ordered to be sold, and is hereby authorized, empowered, and directed to take possession of the mortgaged premises, rent out the same, and collect the rents, incomes, and profits therefrom, and account therefor to this Court; and that during the said receivership the said receiver do insure the dwelling house and other buildings upon said premises against loss or damage by fire or windstorm, and do such other things as may be necessary to keep and preserve the said mortgaged premises, together with the income and profits therefrom. The receiver is authorized further to issue his notes or certificates for insurance premiums or other proper charges under the terms of this order, which shall be valid and binding first claims upon any funds coming into his hands. Before entering upon the discharge of his duties, the said receiver shall give bond, as provided by law, in the sum of $2,500. I fix the rental value of said premises at $1,200 per annum.

It having appeared at the hearing before me that Unaka Lumber Company named in the summons and complaint herein as a defendant in this proceeding has never been served with the process of this Court, leave is hereby given plaintiff to take such steps as he may deem necessary to bring the said Unaka Lumber Company before this Court, in order that such rights as it might have or claim may be disposed of in this action.

ORDER OF JUDGE MAULDIN OF APRIL 30, 1928

This matter comes before me on motion of the defendant heirs of Mrs. H. P. Moore to stay the sale of the real estate involved in this matter until the ap-

peal to the Supreme Court has been finally determined. The argument was commenced before me at Sumter and concluded here. After due consideration, it is

Ordered that the sale heretofore ordered by me be stayed pending the determination of said appeal, provided that the defendant-appellant do enter into an undertaking, with sufficient surety to be approved by the Clerk of this Court in favor of plaintiff in the sum of $2,500, conditioned as hereafter provided, the said undertaking to be filed within 30 days from this date.

The plaintiff has had a receiver appointed for the mortgaged premises, a part of which are under cultivation, and a part of which are unimproved. The bond should therefore be conditioned that the defendant will pay to the plaintiff, in the event that judgment appealed from be affirmed and the premises sold for an amount sufficient to pay the judgment in favor of plaintiff, with interest, taxes, and costs, the interest upon the mortgage debt from sales day in November, 1928, and all taxes accruing upon said real estate pending said appeal, less, however, such net rent as the receiver collects, or by due diligence, could collect, not exceeding, however, the amount of the deficiency due plaintiff nor the penalty of said bond.